IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MATTHEW SMITH, GL-9064,       )
    Petitioner,             )
                                   )
       v.                     )   2:10-cv-271
                                   )
DAVID DIGUGLIELMO,             )
    Respondent.             )

MEMORANDUM and ORDER

Mitchell, M.J.:

Matthew Smith has presented a petition for a writ of habeas corpus. For the reasons set forth below, the petition is subject to dismissal, and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability should be denied. The petitioner will be granted until April 4, 2010, to show cause, if any, why judgment should not be entered accordingly.

At the time the petition was filed, Matthew Smith was an inmate at the State Correctional Institution at Graterford serving the balance of his sentence as a recommitted parole violator.[1] The petitioner was originally convicted in Beaver County of unspecified offenses and on October 28, 1988 sentenced to a three to ten year period of incarceration and on February 5, 1991 to a nine to twenty-four month period of incarceration.[2] However, it is not this conviction or sentence

---

[1] We note that at the time the petition was filed, Smith was incarcerated at the State Correctional Institution at Graterford and so the respondent was in fact his custodian. He has now been moved to a Virginia Correctional facility where he is in the custody of another administrator who is here unnamed.

[2] See: Appendix A to the amended petition at ¶¶ 1-2.

1

about which the petitioner now complains but rather the calculation of his sentence by the Pennsylvania Board of Probation and Parole ("the Board"). Specifically, he contends that these two sentences were "aggregated" so that his sentence became three years and nine months to twelve years.[3] The petitioner did not challenge this sentence and was paroled on June 19, 1992.[4]

While on parole the petitioner was arrested and convicted of another offense and on June 7, 1999 sentenced to a ten to twenty-two year period of incarceration.[5] As a result of his arrest on these charges, on July 23, 1998 the Board ordered him detained pending disposition of the new criminal changes.[6] On November 23, 1998 and December 14, 1999, the Board directed the petitioner to serve additional time as a technical parole violator on his original sentence.[7] On June 19, 2002 and August 6, 2003, the petitioner was denied release on parole and directed to serve his unexpired maximum sentence until October 10, 2005 on the original charges.[8] It is this calculation of this remaining sentence imposed on the first convictions which the petitioner seeks to challenge here.

Specifically, in support of the instant petition, Smith contends he is entitled to relief on

---

[3] See: Id. at ¶ 3.

[4] See: Id. at ¶ 4.

[5] See: Order of June 7, 1999 appended to the amended petition.

[6] See: Copy of Order dated July 23, 1998 appended to the amended petition.

[7] See: Copies of Orders dated November 23, 1998 and December 14, 1999 appended to the amended petition.

[8] See: Copies of Orders dated June 19, 2002 and August 6, 2003 appended to the amended petition.(We note that if the sentences were properly "aggregated" this calculation appears appropriate since the petitioner is not entitled to credit towards his maximum sentence for time spent on parole).

the following grounds:

> 1. Respondents aggregation of petitioner's original maximum term of three yrs to 10 yrs came without "subject matter jurisdiction and violated petitioner's 14th amendment due process rights, and procedural and substantive rights reserved under Title 37 Pa.Code 71.2 relief.
>
> 2. Petitioner's original maximum sentence date was illegally re-calculated to the years 11/15/99, 10/10/2005 and 10/11/2027 violating petitioner's 14th amendment due process rights, procedural and substantive rights under title 37 Pa.Code 71.2 relief and is barred by res judicata.
>
> 3. Currently, all incarceration time calculated beyond petitioner's maximum date originally imposed, is in violation of the Eight[th] amendment to the U.S. Constitution and is barred by res judicata.
>
> 4. Respondent illegally re-calculated and aggregated petitioner's original maximum term absent written statement by fact-finder as to the grounds/evidence relief upon; in conspiracy with others. Thus void of subject matter jurisdiction or personal jurisdiction.[9]

In his prayer for relief, Smith seeks to have this court vacate his allegedly unconstitutional sentences and reinstate his original maximum of May 8, 2018.[10] That is, as noted above, the petitioner seeks to challenge the manner in which his maximum sentence was calculated.

It is provided in 28 U.S.C. §2254(b) that:

> An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

This statute represents a codification of the well-established concept which requires that

---

[9] See: Appendix A to the petition at pp.4-5

[10] This calculation appears to rely on a recalculation of the maximum sentence expiration date for the petitioner's first sentence plus the additional period of incarceration imposed following his second conviction.

before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental miscarriage of justice would result from a failure to consider the claims. Carter v. Vaughn, 62 F.3d 591 (3d Cir. 1995).

In construing § 2254(d)(1), the Court in Williams v. Taylor, 529 U.S. 362, 412-413 (2000) stated:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

In Hameen v. Delaware, 212 F.3d 226, 235 (3d Cir. 2000), the Court determined:

> The Court in Williams v. Taylor held that "[u]nder the 'contrary to' clause, a

4

federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." Williams v. Taylor, further held that "[u]nder the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." The "unreasonable application" inquiry requires the habeas court to "ask whether the state court's application of clearly established federal law was objectively unreasonable." Thus, under the "unreasonable application" clause, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable."  The Court in Williams v. Taylor made it clear that the "contrary to" and "unreasonable application"clauses have independent meaning.

In the instant case, there is nothing in the record demonstrating that the petitioner has presented his allegations to the courts of the Commonwealth in the first instance, nor has he demonstrated any impediment to his doing so, and for this reason, he has not exhausted the available state courts remedies, and his petition here is subject to dismissal.

Accordingly,  the petition is subject to dismissal, and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability should be denied. The petitioner will be granted until April 5, 2010, to show cause, if any, why judgment should not be entered accordingly.

s/ Robert C. Mitchell
United States Magistrate Judge

ORDER

AND NOW, this 18th day of March, 2010, in accordance with the foregoing Memorandum, the petitioner is granted until April 4, 2010, to show cause, if any, why the petition should not be dismissed and a certificate of appealability denied, and judgment entered accordingly.

S/ Robert C. Mitchell<br>
United States Magistrate Judge